Me Ad am, C. J.
We will assume that it is not negligence per se for a passenger to stand upon the front platform of a car, and that it is negligence for the driver of the car to start-it before the passenger has had a reasonable opportunity to-alight. These propositions are consistent with the theory of the plaintiff’s case, but the evidence of the plaintiff establishes the fact that the injuries he received were not the result of the driver’s' negligence but his own. True, in portions of his testimony, he inculpates the driver, and if these-portions stood alone, a prima facie case of negligence was made out against the defendant, sufficient, to require the trial judge to submit the question to the jury, but in portions of his cross-examination, he destroyed the effect of his previous testimony, and throws the blame of the accident upon himself. The plaintiff furnished the only evidence showing how the accident occurred, and in such a case the evidence of a party is much like a chain, it cannot be stronger than its weakest link. (The testimony is here recited at length.) The car was on a curve turning from Canal street into Yarick, and the evidence seems to show that as the car was turning the curve the plaintiff attempted to alight without waiting for the car to stop, when he fell and received his injury. The plaintiff was to an extent under the influence of drink, and his lameness and the drink combined no doubt contributed to the accident. The circumstances, to state them mildly, point as clearly to absence of negligence on the-part of the defendant, as to its presence, and in such a case it is proper to dismiss the plaintiff’s complaint. If the jury had found for the plaintiff on his evidence, the verdict would have been set aside, and in such a case the trial judge is under no obligation to send the case to the jury, but may make the only direction the case admits of, i. e., a non-suit. We think the case was properly disposed of and that the judgment should be affirmed with costs.
Nehrbas, J., concurs.